## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **PAUL FARNSWORTH a/k/a RONNIE BRADFIELD**, | ) | Lake County Circuit Court No. 97-7590 |
| Plaintiff/Appellant. | ) | |
| VS. | ) | C.A. No. 02A01-9707-CV-00145 |
| **RICHARD KENYA, et al**, | ) | |
| Defendants/Appellees. | ) | |

FILED

November 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

### ORDER DISMISSING APPEAL

The plaintiff, Paul Farnsworth a/k/a Ronnie Bradfield, sued defendants Richard Kenya,[1] Stephen Dotson and two John Doe defendants. The complaint alleges that Plaintiff is an inmate at the Lake County Regional Correctional Facility (LCRCF), Richard Kenyon is identified as an employee and Stephen Dotson as the associate warden at LCRCF. The complaint alleges that Plaintiff was given permission to marry while incarcerated, wedding plans were formulated but, within less than 24 hours prior to the wedding, he was advised that the wedding was cancelled.

The defendants filed a motion to dismiss with supporting affidavit which the trial court treated as a motion for summary judgment pursuant to Rule 12.02 T.R.C.P.

According to the affidavit of Richard Kenyon, he is the chaplain at LCRCF. Prior to the wedding, it was discovered that the proposed bride, Wanda Stinson, had completed a visitation form in which she stated she was Plaintiff's half sister. In addition, the plaintiff's records indicated that he was married to a woman named Tammy Williams. Attached to the affidavit as exhibits were a visitation application bearing a signature of Wanda Stinson and listing her relationship to inmate as half sister; copies of the prisoner's permanent visitation record showing thirteen visits by Wanda

_____

[1]According to his affidavit, the defendant's correct name is Richard Kenyon.

1

Stinson indicating her relation as half sister and one by Tammy Williams indicating a relation as wife. Further attached as an exhibit to the affidavit is a memorandum from associate warden Dotson to the plaintiff as follows:

> In reviewing your plans to marry Ms. Wanda Stinson on Saturday, February 17, 1996 (which had earlier been approved), we have discovered a significant discrepancy.
>
> Ms. Stinson is shown on her visiting application as your sister, she is listed in TOMIS (LIMM) as your sister and she has been signing the visitor log as your sister each time she has visited. There is also an old visitation application in you file listing a Tammy Williams as your wife though she is not on your current approved list.
>
> As a result of this new information the marriage scheduled for February 17, 1996 is disapproved. Prior to you obtaining approval for this marriage you will be required to provide Chaplain Kenyon with adequate proof that you are no longer married to Tammy Williams and that Ms. Stinson is not in any way related to you. It will be your responsibility to notify Ms. Stinson of the wedding cancellation.

The affidavit further states that the plaintiff has not provided the documentation requested in the memorandum.

In response to the motion, Plaintiff filed an unsworn document which he designated as an affidavit. This unsworn document states that Plaintiff was never married to Tammy Williams and is not related to Ms. Stinson. The trial court granted summary judgment and Plaintiff appeals.

The record before us reveals that, prior to entry of the order granting summary judgment, the plaintiff filed a motion to amend the complaint along with a proposed amendment which purports to add additional defendants and additional causes of action. Once a responsive pleading has been filed, a party may amend only by written consent of the adverse party or by leave of court. Rule 15.01 T.R.C.P. The grant or denial of such a motion is within the sound discretion of the trial judge. *Wilson v. Ricciardi*, 778 S.W.2d 450 (Tenn. App. 1989); *Fann v. City of Fairview*, 905 S.W.2d 167 (Tenn. App. 1995). According to the record before us, the trial court did not rule on the motion to amend the complaint. An appeal to this Court lies from a final judgment. Rule 3 T.R.A.P. The order appealed from is not a final judgment as the motion to amend is still

pending in the trial court, nor has it been made final pursuant to Rule 54.02 T.R.C.P.

The appeal is dismissed and the costs are taxed to the appellant, Paul Farnsworth a/k/a Ronnie Bradfield, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.